Weight, J.,
delivered the opinion of the court.
This is a demurrer by the defendant to the petition. The material facts stated in the petition are, in effect, that the Treasury Department advertised for public sale, by authority of Congress, certain useless papers from the files of that Department, more particularly described in Senate Executive DocumentNo. 44, first session Fifty-first Congress; thatatsuch public sale, under a competitive bid, petitioners purchased several lots of useless papers, consisting of canceled internal-revenue stamps, stub books, and stamp books, for which they7 paid $1,807.10, as follows:
362, 295 pounds of stubs, at §8.20 per ton.$1,485.42
49,758 pounds license stamps, at §12 per ton. 295.35
1, 758 pounds stamps, at §30 per ton. 26.33
413,298 pounds, amounting to. 1,807.10
That the above-described property7 was delivered to the petitioners by the Secretary of the Treasury7 in the months of August, September, October, and November, 1890, and in *357 February, 1892, the defendant, by its officers and agents, in violation of the rights of petitioners, seized and took possession of, from the place of business of petitioners at Trenton, N. J., 17,279 of the stamps so purchased, of the market value of $47,814.89; that petitioners afterwards applied to the Bureau of Internal Revenue for the return of the stamps so seized and taken away from them, but such return was refused. It is averred in the petition that the purchase of the stamps by the petitioners was for the purpose of speculation and sale to collectors of stamps and historical societies; and thejr have bestowed upon them great labor, time, and expense in assorting, examining, and classifying the same for market, of the value of $3,208.21, and that the stamps so taken, when seized, were worth in the market $47,814.89, and that by reason of the fact stated the defendant is legally and equitably indebted to the petitioners, under an implied contract, in the sum last above mentioned.
The demurrer admits such of the facts as are well pleaded, but not the conclusions of the pleader nor the damages stated. It is not stated in the petition affirmatively whether the property was seized by the officers of the defendant as its own property or the private property of the petitioners, and applying the familiar rule that a pleading shall be most strongly construed against the pleader, it will be inferred, in the absence of averment to the contrary, that the property was seized as the property of the defendant; and it was not acknowledged, at the time of taking, that it was the private property of the petitioners, and it therefore follows, under the decision of Langford v. The United States (101 U. S., 341), and other like cases that might be cited, that this court has no jurisdiction, if the same is to depend upon an implied contract arising from the tortious acts of the officers of the defendant averred in the petition, for this court is distinctly limited to the consideration of matters, ex contractu, matters ex delicto being prohibited to us, and the distinction between these several actions is not to be extinguished by the evasion contained in the petition, by the assumption of an implied contract from the acts of officers, such acts being torts and nothing else.
As avo have already said, the conclusion of the pleader *358 upon demurrer is to be disregarded, and we therefore pass by the conclusion contained in the petition that an implied contract arises from the tortious acts of the officers of the defendant. The conclusion to be drawn from the facts well pleaded, and therefore admitted, is one of law, which it is the province of the court to declare of its own motion. The averments of the petition are to the effect that the petitioners purchased the property in question of the defendant, and the latter sold and delivered it to the petitioners, and accepted and retained the consideration for that purpose agreed upon by the parties. In every contract of sale of chattels in possession of the vendor there is contained an implied warranty of title b}r the vendor to the vendee, and the former is thereby estopped from setting up title in himself, unless subsequently acquired. The defendant could not, b}r its own act, deprive petitioners of title and possession of the property it had sold and delivered to them without a violation of its contract of sale and the warranty contained therein. The application of the same principles maj^ also be stated in a different form, and thereby also eliminate the element of the tortious acts of the officers of the defendant. This may be done by relegating the parties to their original rights and duties under the contract of sale, and its incident, delivery of the property by the defendant to the petitioners. The subsequent reclamation of the property by the defendant operated, in legal effect, to vacate or nullify the act of delivery, and therebjT the rights and duties of the parties to the contract were reinstated under the terms of that contract, and the action for its breach is for a failure to enforce an effective delivery, the withdrawal of which is maintained by the defendant itself, through the act of the Internal Revenue Bureau, in its refusal to deliver the property upon demand bj^ petitioners. Hence it is our opinion that petitioners may recover for the property taken, for a breach of the original contract of sale and warranty of title. Inasmuch as the demurrer does not admit the damages claimed, that being a question of fact to be determined by the evidence to be hereafter taken, we express no opinion in that regard. The demurrer will be overruled, with leave to defendant to defend upon the merits if it shall be so advised.